IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SANDRA CARROTHERS AND § <br> S.C. (A MINOR FEMALE) § <br> § <br>     Plaintiffs, § <br> § <br> v. §   CIVIL ACTION NO. G-05-610 <br> § <br> NOBLESTAR SYSTEMS CORP. § <br> § <br>     Defendant. § | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY TO TRANSFER AND ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

Now before the Court is Defendant's Motion to Dismiss or Alternatively to Transfer and, Alternatively, for a More Definite Statement. For the reasons outlined below, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**[1].

**I. Background**

Plaintiff Sandra Carrothers ("Carrothers"), while living in Galveston, was recruited by Defendant Noblestar Systems Corporation ("Defendant") to work for the company in Lithuania. Carrothers ultimately accepted employment with Defendant and moved with her minor daughter ("S.C.") and adult son to Lithuania. While working in Lithuania, Carrothers and S.C. attended a social gathering where Carrothers's supervisor, Susan Roarke, allegedly became intoxicated and sexually assaulted both Carrothers and her daughter. Upon receiving complaints from Carrothers, her supervisors initiated an investigation. After and as a result of the assault, S.C. allegedly had

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

serious medical and psychological problems which could not be adequately treated in Lithuania. Carrothers subsequently brought her daughter back to Galveston for treatment. The evidence submitted by the Parties indicates that Defendant initially offered Carrothers an opportunity to continue her work from Galveston on a part-time basis. Before Carrothers could agree to the new arrangement, she was terminated by Defendant. Defendant argues that Carrothers was terminated because she did not communicate her whereabouts or intentions to Defendant after her return to Galveston, essentially going "AWOL." Carrothers claims that she was discharged in retaliation for her report of the harassment. Carrothers and S.C. now assert claims against Defendant for assault and battery, intentional infliction of emotional distress, negligence and gross negligence, breach of contract, promissory estoppel, misrepresentation, sexual harassment and unlawful retaliation in violation of Title VII of the United States Civil Rights Act and the Texas Commission on Human Rights Act ("TCHRA"). Defendant has moved for dismissal or transfer of the entire action on several bases which are more fully discussed below. For reasons also discussed below, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

**II. Analysis**

A. *Subject Matter Jurisdiction Over Title VII Claim*

Defendant initially argues that this Court has no subject matter jurisdiction over Plaintiffs' Title VII claim because the EEOC had not yet issued a right-to-sue notice as required by statute. *See Carter v. South Central Bell*, 912 F.2d 832 (5th Cir. 1990). However, since the date of Defendant's initial Motion, such notice has been issued, and this argument is rendered moot.

B. *Subject Matter Jurisdiction Over TCHRA Claim*

Defendant next argues that the Texas discrimination statute does not apply to acts allegedly occurring in Lithuania. The Court makes no determination as to the validity of this argument, but

notes that it is not the basis for a dismissal based on lack of subject matter jurisdiction. If Defendant would like to move for summary judgment or dismissal for failure to state a claim on the TCHRA claim, it can do so. In addition, Defendant offers absolutely no analysis of this argument. It is not grounds for dismissal.

C. *Subject Matter Jurisdiction Over Common Law Claims*

Defendant's third argument is that without jurisdiction over the Title VII claim, this Court has no jurisdiction over the state common law claims. While this argument is true, it is also rendered moot by the EEOC's issuance of a right-to-sue notice.

D. *Title VII's Mandatory Venue Provisions*

Defendant's next argument is that Plaintiffs' case should be either dismissed or transferred to Virginia since it currently fails to comply with the mandatory venue provisions of Title VII. *See* 42 U.S.C. § 2000e-5(f)(3). Title VII requires that actions brought under that subchapter be brought in; (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; or (3) in the judicial district in which the aggrieved person would have worked but for the unlawful employment practice. *Id.* It can also be brought in the judicial district in which the Defendant has its principal office. *Id.* Defendant argues that Plaintiffs do not meet any of these requirements. Plaintiffs argue that the first and third prong of the test are met and suffice to vest proper venue in this Court.

The first prong of the test is not met. The Court is not convinced that Galveston is the district in which the alleged unlawful employment practices are took place. Plaintiffs essentially rely on the fact that the alleged wrongful harassment and retaliation were communicated to Carrothers while she lived in Galveston. This is not sufficient to confer venue pursuant to the first prong of 42 U.S.C. §

2000e-5(f)(3). The alleged Title VII violations, namely the allegedly retaliatory decision to terminate Carrothers's employment, occurred in Virginia. Carrothers's location in Galveston at the time the termination was communicated to her does not change this.

The third prong of the Title VII's mandatory venue provisions is met by the facts of this case. Plaintiffs argue that Carrothers would have worked in Galveston but for the Title VII violations. In support of this argument, they submit a December 16, 2004 letter from Defendant's CEO stating that "your manager offered you the option of continuing to work from Texas at your own discretion the number of hours you were able to contribute while attending to your daughter." Defendant argues that Carrothers employment was in Lithuania and that is where she would have worked but for her termination. In support of this claim, they cite statements made by Plaintiff after the alleged assault indicating that she was prepared to stay in Lithuania. All of these communications were obviously made before the December 16th termination letter. After piecing together the evidence offered by all Parties, the Court concludes that after the assault, Carrothers planned on continuing work in Lithuania, that this plan became too burdensome, and she then left for Galveston.[2] After returning to Galveston, Defendant offered to let her remain in Galveston and continue working on a part-time basis for some indefinite amount of time. Before Carrothers accepted or rejected this offer, her employment was terminated.

Defendant's argument rests on the facts that (1) the offer to work in Galveston was for a temporary duration and (2) the offer was never accepted. The Court finds both of these facts irrelevant. It is unpersuasive that Carrothers never accepted the offer to work in Galveston. Carrothers was terminated by Defendant before she accepted the offer. This does not mean she

---

[2]The Court assigns very little importance to the fact that Carrothers initially planned to stay in Lithuania. As is the case in all human experience, plans change as time moves on. The operative inquiry is into the facts at the time Carrothers was terminated.

would not have accepted it. Rather, Defendant's unilateral decision to terminate her before acceptance is the reason she never actually worked in Galveston. This does not suffice to establish that Carrothers would not have worked in Galveston but for the allegedly wrongful termination. In order to succeed in this argument, Defendant would have to show that Carrothers actually rejected the offer. Defendant has not even alleged this.

Defendant cites several cases for the proposition that "Title VII's venue provision allows venue to be laid in the district which was the plaintiff's principal place of work, not merely any district in which the plaintiff might have worked." Motion at 3. *See James v. Booz-Allen & Hamilton*, 227 F. Supp. 2d 16, 23 (D. D.C. 2002); *Balunsat v. Stugart*, 1990 WL 91060 (D. D.C. 1990). While the Court generally agrees with the quoted portion of Defendant's Motion, it disagrees with its application to this case as well as the application of the cited case law. First, had Carrothers been given the opportunity to accept the offer to work in Galveston, it would have been her principal place of work. The cases cited by Defendant refer to situations where an employee is stationed out of a certain office but travels to other areas to do work on behalf of clients located elsewhere. In both *Booz-Allen* and *Balunsat*, the employee remained stationed in a particular office. Here, Carrothers would have been stationed in Galveston, though she might have done work on behalf of clients located outside the District. Though it may have been the intention of all involved for her to someday return to Lithuania, her tenure in Galveston would have been indefinite, and of such a tenure that it would be considered her station or principal place of work. The Court finds that but for the alleged termination, Carrothers would have worked in Galveston, and venue is therefor appropriate in this District pursuant to Title VII's mandatory venue provision.

E. *Transfer Pursuant to 28 U.S.C. § 1404(a)*

Defendant alternatively argues that this case should be transferred to the Northern District

of Virginia pursuant to 28 U.S.C. § 1404(a). In support thereof, Defendant offers the following: (1) Defendant is headquartered in Reston, Virginia; (2) employment, payroll and other relevant employment records are located in Reston, Virginia; (3) the Northern District of Virginia is a district of proper venue; (4) the EEOC transferred its investigation from Texas to Virginia; and (4) the Northern District of Virginia is a substantially more convenient venue for the key witnesses in this case, both domestic and foreign.

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

Defendant has failed to meet its burden under §1404(a). First, despite Defendant's residence

in Virginia, transferring this case would have the sole effect of shifting the inconvenience from Defendant to Plaintiffs. Second, although there are likely employment records that are housed in Virginia, Defendant has not offered any indication that such records are so voluminous that they cannot be brought to Galveston. Third, though Defendant has asserted that Virginia would be more convenient for key witnesses, many of the cited witnesses are employees whose attendance can be compelled. Additionally, Defendant has not offered a summary of their expected testimony, so it is difficult for the Court to determine which witnesses are the most important and which are duplicative. Fourth, the decision of the EEOC is not binding on this Court, and the Court finds that while the EEOC may have considered similar factors, it is moved by substantially different motivations than a trial court. Accordingly, while it respects the EEOC's analysis of this case, the Court declines to follow in its stead by transferring this action. Defendant simply has not provided enough support to upset Plaintiffs' choice of forum, which is entitled to great deference.

F.  *Claims for Intentional Infliction of Emotional Distress*

Defendant next claims that Plaintiffs' claims for intentional infliction of emotional distress should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In support, Defendant cites two recent Texas Supreme Court cases ruling that the tort of intentional infliction of emotional distress cannot succeed in cases where Plaintiff has other common law remedies covering the same allegations. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814 (Tex. 2005); *Hoffman-LaRoche, Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004).

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff. *See Collins v. Morgan Stanley Dean Witter*, 224

F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of the plaintiff). *See also Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). "A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins*, 224 F.3d at 498. A motion to dismiss should be granted only when it appears without a doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002). *See also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

While the cases cited by Defendant are clearly applicable to this case and may act to dispose of Plaintiffs' intentional infliction of emotional distress claims on summary judgment, they do not provide a basis for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). There is at least some set of facts that could entitle Plaintiffs to relief on their claims for intentional infliction of emotional distress. However, the Court notes for the benefit of counsel, that the information before the Court thus far would not be enough to survive summary judgment on these claims.

G.  Other Common Law Claims

Defendant has also moved for dismissal of Plaintiffs' breach of contract, promissory estoppel, and misrepresentation claims pursuant to Fed. R. Civ. P. 12(b)(6). As Defendant points out, neither Plaintiffs' Complaint nor briefing even mention a contract or a promise that was relied upon. Since mere legal assertions without any supporting factual allegations are not sufficient to survive a motion to dismiss, Plaintiffs' claims for breach of contract and promissory estoppel are **DISMISSED WITH PREJUDICE**.

Plaintiffs also assert a claim for misrepresentation.  While misrepresentation is an element of various causes of action, the Court has never seen a cause of action for mere misrepresentation, and Plaintiffs' briefing does nothing to elaborate on their intentions.  Based on the Court's experience, Plaintiffs appear to be alleging some sort of fraud.  However, Fed. R. Civ. P. 9(b) requires a heightened level of pleading for fraud claims.  Plaintiffs come nowhere near the Rule 9(b) threshold which requires Plaintiffs to allege the particulars of "time, place, and contents of the false misrepresentations, as well as the identity of the person making the representation and what [that person] obtained thereby."  *Williams v. WMX Techs.*, 112 F.3d 175, 177, 178 (5th Cir. 1997).  Accordingly, Plaintiffs' claims for misrepresentation are **DISMISSED WITH PREJUDICE**.  If Plaintiffs wish to assert a cause of action for fraud, they are free to move for leave to amend their Complaint.  However, any such claims must meet the requirements of Fed. R. Civ. P. 9(b).

*H.  Title VII Claims Asserted by S.C.*

Defendant moves for dismissal of any Title VII claims asserted by S.C., since she was never an employee of Defendant.  Plaintiffs do not dispute Defendant's argument and have represented to the Court that S.C. is not pursuing a Title VII claim.  To the extent that such claim was plead in Plaintiffs's Complaint, it is **DISMISSED WITH PREJUDICE**.

*I.  Choice of Law*

Defendant argues that "all remaining claims alleged are predicated on Texas common law.  As a matter of law, Texas common law has no application to acts allegedly occurring in Lithuania."  There is no additional briefing or legal support for this argument.  This assertion is not sufficient to support dismissal of Plaintiffs' claims.  Rather, Defendant needs to fully inform the Court of what law it thinks should apply and why that law does not allow Plaintiffs to recover as alleged.  At such time as adequate briefing is presented to the Court, it will make a ruling on any relevant choice of

law issues.

### III. Conclusion

For the reasons outlined above, Defendant's Motion to Dismiss or, Alternatively, to Transfer Venue and, Alternatively, for a More Definite Statement is **GRANTED IN PART AND DENIED IN PART**. This Court will retain this case. However, Plaintiffs' claims for breach of contract, promissory estoppel, and misrepresentation are **DISMISSED WITH PREJUDICE**. Any claims asserted by S.C. for Title VII violations are also **DISMISSED WITH PREJUDICE**. All other claims remain. All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 21st day of March, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge